IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN INTERSTATE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> PATRICK R. DONAHUE, Postmaster General of the United States Postal Service, and INVESTMENTS REALTY, L.L.C., a Foreign Limited Liability Company, <br><br> Defendants. | Case No. 12-CV-371-JED-TLW |

## OPINION AND ORDER

The Court has for its consideration the Motion to Dismiss (Doc. 13), filed by defendant Patrick R. Donahoe.[1]  Plaintiff, American Interstate Insurance Company ("AIIC") filed a response (Doc. 14), and Mr. Donahoe filed a reply (Doc. 16).

**I.      Background Facts**

AIIC alleges that, on December 31, 2009, Dennis Mathis was injured on the defendants' premises when a dock loading ramp malfunctioned at the Jenks branch of the United States Postal Service.  At the time of the accident, Mr. Mathis was employed by Green Country Mail Service, Inc. ("Green Country"), and he filed a workers' compensation claim in the Oklahoma Workers' Compensation Court.  AIIC is the workers compensation carrier for Green Country, and AIIC alleges that it has incurred and will continue to incur damages in connection with the workers' compensation claim.  AIIC seeks subrogation from the defendants based upon the

---

[1] While this defendant's last name is spelled "Donahue" in the Petition which was removed to this Court, his counsel has informed the Court that the correct spelling is Donahoe.

allegation that the defendants' negligence caused Mr. Mathis's injuries and thus the damages AIIC has allegedly incurred.

On December 28, 2011, counsel for AIIC submitted a Standard Form 95 Claim Form to the United States Postal Service, summarizing the basic facts set forth above and indicating that AIIC "has incurred $47,619.39 in damage and will continue to incur damages in the future." (Doc. 13-1 at 2). The next day, December 29, 2011, AIIC filed a lawsuit in the Tulsa County District Court. On January 4, 2012, a Tort Claims Coordinator for the United States Postal Service sent a letter to AIIC's counsel. In the letter, the Coordinator indicated that "Postal Service requires a medical report from the attending physician, as well as doctor bills showing the date of each treatment, the treatment given, and the cost of each treatment." (Doc. 13-2). In addition, the letter noted that a "claim must be for a specific amount," and the Coordinator faulted AIIC's counsel for submitting the claim form without including a Power of Attorney. (*Id*.). The United States Postal Service Tort Claims Coordinator further requested that AIIC submit a new claim form.

The United States Attorney's Office for this District was served with the Summons and Petition on June 11, 2012, and removed the case to this Court on July 2, 2012, on behalf of Postmaster General Donahoe. On July 18, 2012, the United States Postal Service sent a letter notifying AIIC's counsel that the Postal Service denied the administrative claim, stating in part:

> This is in reference to the administrative claim you filed on behalf of the above-referenced claimant under the provisions of the Federal Tort Claims Act, as a result of injuries allegedly sustained by Dennis Mathis on or about December 31, 2009 at the Jenks, Oklahoma Post Office.
>
> The Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of an employee acting in the scope of his/her employment. We are guided in our determination by all the information available to us, including the reports of our personnel and any other persons acquainted with the facts.

> As to the incident at issue, an investigation of this matter failed to establish a negligent act or omission on the part of the U.S. Postal Service or its employees. While we regret any injury that may have occurred, we cannot accept legal liability for these alleged damages. Accordingly, this claim is denied.

(Doc. 14-1).

On August 31, 2012, Postmaster General Donahoe filed the dismissal motion, seeking dismissal based on three arguments: (1) AIIC failed to exhaust administrative remedies; (2) AIIC did not state a sum certain in its administrative claim; and (3) The United States, not the Postmaster General, should have been named in the suit.

## II.   Discussion

### A.   United States as Proper Defendant

Postmaster General Donahoe argues that the claims against him should be dismissed because AIIC should have named the United States as the defendant, rather than Donahoe. AIIC admits that the United States, not Donahoe, is the only proper party defendant, but cites authorities for the proposition that the Court should permit substitution of the United States as the proper party defendant or amendment of AIIC's pleading to add the United States and dismiss Donahoe. (Doc. 14 at 7).

Pursuant to 28 U.S.C. § 2679, a tort claim against a governmental employee acting in the scope of his office or employment shall name the United States as the defendant. Upon certification by the Attorney General that the employee was acting within the scope of employment or office, the action shall be "deemed" to be an action against the United States and the United States "shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1) ("any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . . and the United States shall be substituted as the

party defendant"); § 2679(d)(2) ("any civil action or proceeding commenced upon such claim in a State court shall be removed . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending [and] shall be deemed to be an action or proceeding brought against the United States . . . and the United States shall be substituted as the party defendant.").

There has been no formal "certification" of the Attorney General filed in this case. However, upon removal from state court, counsel for the government stated in the Notice of Removal that "a civil action that is commenced in State court and that is directed to an officer of the United States in an official or individual capacity 'for or relating to any act under color of such office' may be removed to 'the district court of the United States for the district and division embracing the place wherein it is pending.'" (Doc. 2 at ¶ 4). The Notice of Removal also indicated that official capacity suits "*are considered to be against the United States* and are therefore only cognizable against the United States." (Doc. 2 at 3, fn.2, emphasis added). The Court finds that the government has treated this case as though it is "considered to be against the United States" (*id.*) and finds that this action should be "deemed" to be an action against the United States under 28 U.S.C. § 2679(d).

As it is undisputed that Donahoe is *not* the proper party, but that the United States is, the United States should be and is hereby substituted as the proper party defendant. The Court finds this result is consistent with the purpose of the applicable statute and decisions of other courts. 28 U.S.C. § § 2679(d)(2); *Jackson v. Southeastern Penn. Transp. Auth.*, 727 F. Supp. 965, 967-68 (E.D. Pa. 1990) (substituting United States for United States Postal Service employee); *Weston v. United States Postal Serv.*, 574 F. Supp. 59, 60 (E.D. Mo. 1983) (United States Postal Service and postal employee were improperly named in negligence action; the court considered

4

the pleadings amended to name the United States as a substituted defendant); *Abernathy v. United States Postal Serv.*, No. 89-4171-R, 1990 WL 92492 (D. Kan. 1990) (substituting United States as party defendant in place of United States Postal Service and its employee). Moreover, Fed. R. Civ. P. 15(c)(1)(C)(i), (ii), and 15(c)(2) expressly contemplate amendments to add the United States as a party.

### B. Exhaustion of Administrative Remedies

As a sovereign, the United States is immune from suit except to the extent it consents to be sued, and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). Thus, "the United States may not be sued without its consent, and the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Congress has provided a limited waiver of the sovereign immunity of the United States in the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 1346(b)(1) ("the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.").

"'Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed.'" *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (quoting *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991)). Compliance with the FTCA administrative requirements is jurisdictional and cannot be waived. *Id.; see also Nero v. Cherokee Nation of*

5

*Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989). Thus, before filing a lawsuit governed by the FTCA, a plaintiff must first exhaust its administrative remedies through the appropriate federal agency. The applicable statute provides:

> *An action shall not be instituted* upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.* The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).

The United States argues that AIIC's claims against it must be dismissed for failure to comply with the administrative requirements of the FTCA. Specifically, the United States asserts that AIIC prematurely filed suit without waiting for the agency's denial of the claim or six months after the filing of the administrative claim, as is required pursuant to the plain language of 28 U.S.C. § 2675(a). In response to that argument, AIIC contends that, because the United States Postal Service served a denial of the administrative claim, the government's argument for dismissal is "moot." AIIC also asserts that it had to file the suit to comply with the state tort statute of limitations.

The Court does not agree with AIIC's argument that the perceived running of a statute of limitations excused its failure to comply with the mandatory, jurisdictional requirements of 28 U.S.C. § 2675(a). The statute of limitations on the FTCA claim against the government is governed by the limitations period provided in 28 U.S.C. § 2401(b). "Congress has expressly stated the applicable limitation period for a tort claim brought against the United States, in § 2401(b), so reference to state law [for the statute of limitations] is inappropriate." *In re Franklin*

*Sav. Corp.*, 385 F.3d 1279, 1288 (10th Cir. 2004) (quoting *Pipkin v. United States Postal Serv.*, 951 F.2d 272, 274-75 (10th Cir. 1991)).

The Court also does not agree with AIIC's argument that the agency's letter of denial, sent well after AIIC initiated suit, "moots" AIIC's obligation to comply with exhaustion requirements under 28 U.S.C. § 2675(a). AIIC cited no authority for its argument. The requirements of § 2675(a) are jurisdictional and mandatory. The Supreme Court addressed premature filings of FTCA claims in *McNeil v. United States*, 508 U.S. 106 (1993). In *McNeil*, the district court dismissed the plaintiff's FTCA action because it concluded it lacked jurisdiction to entertain a case "commenced before satisfaction of the administrative exhaustion requirement under § 2675(a)." *Id.* at 109. On appeal, the Seventh Circuit affirmed the dismissal and, because that conflicted with decisions of other Circuits permitting prematurely filed FTCA actions to proceed if no substantial progress had taken place in the case, the Supreme Court granted certiorari to resolve the conflict. *Id.* at 110. The Supreme Court held that a claim that was filed prematurely must be dismissed and a new action must be commenced after administrative remedies are exhausted as required by § 2675(a). In arriving at that conclusion, the Supreme Court reasoned:

> The command that an "action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail" [quoting § 2675(a)] is unambiguous. We are not free to rewrite the statutory text. As of [the date of filing suit], petitioner had neither presented his claim to the [agency,] nor had his claim been "finally denied" by that agency. As the Court of Appeals held, petitioner's complaint was filed too early. . . .
>
> Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command. Moreover, given the clarity of the statutory

7

> text, it is certainly not a "trap for the unwary." It is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, but the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent. . . .
>
> The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit.

*Id.* at 112-13.

Here, it is undisputed that AIIC initiated the suit only one day after submitting its claim form to the United States Postal Service. The filing of that suit was directly contrary to the unambiguous requirements of 28 U.S.C. § 2675(a), that "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." An agency is supposed to have up to six months – not one day – to evaluate and deny a claim before a plaintiff may file suit against the United States, its agencies or employees. *See* 28 U.S.C. § 2675(a) (failure of agency to make final disposition of claim within six months after filing shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim). AIIC's premature filing of the action did not provide the requisite time for the agency to consider the claim. As in *McNeil*, the statutory requirements are clear and jurisdictional, and the failure to follow them results in dismissal.

    **C.**    **Other Alleged Claim Defects**

Because the Court agrees with the government that the claims against it must be dismissed because AIIC filed suit before it exhausted its administrative remedies, the Court need not decide AIIC's other arguments relating to alleged defects with the claim submitted by AIIC.

**III.     Conclusion**

The Motion to Dismiss (Doc. 13) is granted.  Patrick R. Donahoe is hereby dismissed from this action, as he is not the proper party defendant on a claim under the FTCA.  The United States is substituted as the governmental defendant with respect to the FTCA claim.  The claims of AIIC against the United States are hereby dismissed, without prejudice, because AIIC failed to exhaust its administrative remedies before initiating the suit against the United States.  This matter is remanded to the Tulsa County District Court for further proceedings on AIIC's claims against defendant Investments Realty, LLC, which are not subject to the requirements of the FTCA.

IT IS SO ORDERED this 6th day of May, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE